**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | | |
|---|---|---|
| DANIEL BERNARD, | : | |
| Plaintiff, | : | Civ. No. 21-7082 (RMB)(AMD) |
| v. | : | |
| ROBERT CHETIRKIN, et al., | : | OPINION |
| Defendants. | : | |

BUMB, District Judge

I.   INTRODUCTION

Plaintiff, Daniel Bernard ("Plaintiff" or "Bernard"), is a state prisoner currently incarcerated at the Southern State Correctional Facility ("SSCF") in Delmont, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (*See* Compl., Dkt. No. 1.) Plaintiff's application to proceed *in forma pauperis* ("IFP") (*see* IFP Appl., Dkt. No. 1-1) is granted.

At this time, this Court must screen the allegations of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's

complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

II.  LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

   III. FACTUAL BACKGROUND

   The allegations of the complaint are construed as true for purposes of this screening opinion. Plaintiff names four defendants in his complaint: (1) Robert Chetirkin – Administrator of the Central Reception and Assignment Facility ("CRAF"); (2) Erin Nardelli – Administrator of SSCF; (3) Abu Ahsan – CRAF Medical Administrator; and (4) Jeffrey Pomerantz – Medical Administrator SSCF. Plaintiff alleges he was mistreated while incarcerated at CRAF in 2020-21 and at SSCF in 2021

4

related to the COVID-19 pandemic. Plaintiff states at both facilities he was put in isolation well before his COVID-19 test results were acquired, and even after his negative test results were returned. He claims this isolation constituted cruel and unusual punishment. Plaintiff seeks monetary damages as relief.

IV.  DISCUSSION

The Eighth Amendment requires prison official to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). A prisoner asserting a condition of confinement claim must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." *Id.* at 834 (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). These minimal civilized measures of life's necessities include food, clothing, shelter, sanitation, medical care and personal safety. *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (citations omitted). The plaintiff must also allege that the prison official acted with deliberate indifference to the prisoner's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). Thus, "'the official must both be aware of facts from which the inference

could be drawn that a substantial harm exists, and he must also draw that inference.'" *Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (quoting *Farmer*, 511 U.S. at 837). In analyzing whether the conditions of confinement violate the Eighth Amendment, a court examines the totality of the conditions at the institution. *See Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996). "Relevant considerations include the length of confinement, the amount of time prisoners must spend in their cells each day, sanitation, lighting, bedding, ventilation, noise, education and rehabilitation programs, opportunities for activities outside the cells, and the repair and functioning of basic physical facilities such as plumbing, ventilation, and showers." *Id.* (citing *Tillery v. Owens*, 907 F.2d 418, 427 (3d Cir. 1990)); *see also Riley v. DeCarlo*, 532 F. App'x 23, 26 (3d Cir. 2013).

Plaintiff's complaint fails to state with any facial plausibility that he has been subjected to an Eighth Amendment violation. The complaint mentions he has been isolated but gives no indication regarding the length of time he has been "isolated," nor does Plaintiff state precisely what this isolation encompasses. He simply does it indicate how he has been deprived the minimal civilized measure of life's necessities. Accordingly, he fails to state an Eighth Amendment claim such that the complaint is dismissed.

6

V.   CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff shall have thirty (30) days in which to file a proposed amended complaint that corrects the deficiencies of his original complaint set forth herein should he elect to do so. Such a proposed amended complaint will also be subject to screening by this Court. An appropriate order will be entered.

DATED:  April 12, 2021                    s/ Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          United States District Judge